## Bacak v. Kendig et al.

*James T. Shea*, for plaintiff.

*John J. Dempsey, Jr.*, for defendants.

PINOLA, J., June 2, 1955.—In this action plaintiff, Helen Bacak, Tax Collector of Plymouth Borough,

seeks to recover from the school district of that borough commissions at the rate of two and one-half percent.

The board, on September 16, 1954, had fixed her commissions for taxes collected on the 1954-55 tax duplicate at two percent.

The facts as agreed upon by the parties are as follows:

1. In November of 1949 plaintiff was elected tax collector of the Borough of Plymouth for a term of four years. In November of 1953 she was reëlected tax collector for a further term of four years. By virtue of her office of tax collector she is the collector of the school taxes assessed or levied in the Borough of Plymouth by the proper authorities of the school district thereof.

2. Plaintiff duly qualified as tax collector and upon entering her duties for the current term, took and subscribed her oath of office as collector of county, poor, borough and school taxes, and her loyalty oath, which oaths have been duly filed with the clerk of court of Luzerne County, entered to April sessions, 1954, no. 223, and as such tax collector, plaintiff entered upon her duties on January 4, 1954, duly qualified.

3. At regular meetings of defendant school board held on July 10, 1950, July 18, 1951, July 14, 1952, and August 10, 1953, defendants elected plaintiff as collector of the current tax duplicates and fixed her commissions at the rate of two and one-half percent. These commissions were duly paid on all taxes collected and turned over to the treasurer of defendant school district.

4. The school district tax duplicate for the fiscal year 1954-55 was duly turned over to plaintiff.

5. At a regular meeting of defendant school board held on September 16, 1954, defendants voted to set plaintiff's commission for taxes collected on the 1954-55 tax duplicate at two percent of the taxes collected and turned over to the school district treasurer as follows:

"Whereas, The General Assembly of the Commonwealth of Pennsylvania has by Act directed that subsequent to the year 1951, the taxing authorities of municipalities pay the premium on the bonds of the tax collector, which, in effect, increased the compensation of the tax collector, and

"Whereas, the economic situation in the Borough of Plymouth makes it necessary for this Board of School Directors to make every effort to balance the budget without increase of tax millage.

"Now therefore, *be it hereby resolved*, that the compensation of Miss Helen Bacak, the duly elected tax collector of the Borough of Plymouth on the 1954 tax duplicate shall be fixed at the rate of two (2%) per centum of the amount of school taxes collected and paid over to the treasurer of the School District of the Borough of Plymouth.

"Motion by Kendig, seconded by Gavenonis, that the foregoing resolution be and hereby is adopted. Ayes: Kendig, Gavenonis, Yob and Kittle. Total 4. Nays: Daugherty, Thomas, and Williams. Total 3. Motion carried."

6. September 16, 1954, was a date subsequent to 10 days previous to the date for withdrawing as a candidate from a primary election.

7. Up to and including May 1, 1955, plaintiff collected and turned over to the school district treasurer taxes on account of the 1954-55 school tax duplicate in the sum of $168,727.69.

8. Plaintiff claims she is entitled to commissions of two and one-half percent on said taxes or the sum of $4,124.57. She has been paid $3,376, calculated at the rate of two percent.

9. The balance due is $842.20.

10. The question before the court is the legal effect of the action taken by defendant school directors at the regular meeting held on September 16, 1954, in re-

ducing the commission to two percent. If the court be of the opinion that action had no legal effect judgment should be entered for plaintiff.

## Question Involved

We are to decide whether the board of school directors had the right to reduce the commission.

## Discussion

Plaintiff was reëlected tax collector of the Borough of Plymouth in November 1953. Throughout her first term she was paid commissions at the rate of two and one-half percent. She contends that the board had no right to reduce her commissions to two percent on September 16, 1954, because such action is in direct violation of the provisions of section 36.1 of the Local Tax Collection Law of May 25, 1945, P. L. 1050, sec. 36.1, added May 16, 1951, P. L. 314, sec. 2; 72 PS §5511.36A, which provides as follows:

"When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted at least ten days prior to the last day fixed by law for candidates to withdraw their names from nomination previous to the day of the municipal election."

September 16, 1954, was a date subsequent to 10 days previous to the date for withdrawing as a candidate from a primary election. That being so, we necessarily reach the following

## Conclusion of Law

The action of defendant directors in reducing the commission of plaintiff. is illegal, void and of no effect.

Accordingly, we enter the following

## Order

Now, June 9, 1955, judgment is entered for plaintiff, Helen Bacak, and against defendants Lawrence

Kendig, Henry Kittle, Edward Yob, Charles Gave-
nonia, Stuart Thomas, Dr. Elmer Williams and John
Daugherty, as the board of school directors of the School
District of the Borough of Plymouth, for the sum of
$842.20.